UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:18-CV-417-EBA

MARGARET TRACYE COOPER,                                                    PLAINTIFF,

V.          **MEMORANDUM OPINION AND ORDER**

STEAK N SHAKE, INC.,                                                       DEFENDANT.

*** *** *** ***

This matter is before the Court on Defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment, pursuant to FED. R. CIV. P. 56. [R. 13, 20]. Plaintiff submitted her response on both motions. [R. 15, 21]. Defendant also submitted a reply brief for both responses. [R. 17, 24]. The issues being fully briefed are now ripe for review. For the following reasons, the Court **DENIES** Defendant's Motion for Summary Judgment but **GRANTS** Defendant's Motion for Partial Summary Judgment.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are undisputed between the parties. This case arises from a slip and fall incident which occurred on December 24, 2016, at Steak 'n Shake, Inc. ("Steak 'n Shake") in Lexington, Kentucky during regular business hours. On this date, Plaintiff Margaret Tracye Cooper, her boyfriend, and his family dined in Steak 'n Shake. Upon arriving at the restaurant, Cooper and her guests entered Steak 'n Shake through a vestibule area and then into the restaurant, escaping the rain. During their meal, several other patrons entered and exited through the same doors, tracking in water from the rain. After approximately an hour and a half of dining, Cooper's guests exited the restaurant through the same doors they entered without issue, while Cooper ordered a to-go cup of coffee and paid for their meal. As Cooper exited the restaurant, she failed to step on the floor mat in the vestibule, causing her to slip on the wet tile and fall. The tile beside

the smaller floor mat in the vestibule was wet from rain residue tracked in by patrons of Steak 'n Shake. No wet floor sign was set out or visible before Cooper fell. Cooper was taken to the hospital to treat her injuries.

On December 20, 2017, Cooper filed this lawsuit in Fayette Circuit Court against Steak 'n Shake, alleging negligence. [R. 1 at 1]. The case was timely removed to the United States District Court for the Eastern District of Kentucky. [R. 1 at 1-3]. Following the consent of both parties, this case was assigned to this Court by the District Court. [R. 6-7]. Cooper seeks compensatory damages for her personal injury suffered. [R. 1-1]. Steak 'n Shake now asks this Court to grant its motions for summary judgment and partial summary judgment. [R. 13; R. 20].

## II.     STANDARD OF REVIEW

Summary judgment is appropriate only where there is no issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The initial burden is on the moving party to demonstrate the basis for summary judgment and identify those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The moving party can satisfy its burden by demonstrating an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To avoid summary judgment, the non-movant must come forward with evidence on which a jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-movant must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989). The Court

views all the evidence in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

### III. ANALYSIS

Cooper maintains a single claim of negligence against Steak 'n Shake under a premises liability theory. [R. 1-1]. To prevail on a negligence claim under Kentucky law, the plaintiff must establish that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard of care, (3) the defendant's negligence was both the actual and proximate cause of (4) the plaintiff's damages suffered. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003). With premises liability, the type of duty owed depends in part on the status of the person coming onto the premises. In this case, as a customer, Cooper clearly entered the premises as an invitee and Steak 'n Shake owned the property, meaning it owed a duty to all invitees to exercise ordinary care to maintain its store in a reasonably safe condition or to warn about foreseeable dangerous conditions that are latent, unknown or not obvious. *Lucas v. Gateway Community Service Organization, Inc.*, 343 S.W.3d 341, 343 (Ky. Ct. App. 2011). However, the landowner does not owe the injured party a duty as it relates to conditions that are open and obvious. *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010). Moreover, an invitee must exercise ordinary care to avoid dangers that are known or could be reasonably anticipated. *Id.*

"Duty presents a question of law, whereas breach and injury are questions of fact for the jury to decide . . . [and] [c]ausation presents a mixed question of law and fact." *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016). A court is precluded from entering summary judgment in favor

of a defendant where there remains "a genuine dispute as to any material fact concerning the elements of duty, breach, or causation, such that a reasonable jury could find that [the defendant] was negligent." *Johnson v. Wal-Mart Stores East, LP*, 169 F.Supp.3d 700, 703 (E.D. Ky. 2016). As the party moving for summary judgment, Steak 'n Shake must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Cooper's claim. Fed. R. Civ. P. 56(c); *see also Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). Assuming Steak 'n Shake satisfies its burden of production, Cooper "must—by deposition, answers to interrogatories, affidavits, and admission on file—show facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726. This is a slip and fall case involving a commercial business, Steak 'n Shake, and a patron of one of its restaurants, Cooper. Accordingly, this Court looks to Kentucky law concerning premises liability and the duties and responsibilities placed upon business owners with respect to its customers.

**A. Steak 'n Shake's Motion for Summary Judgment**

Steak 'n Shake's arguments concerning summary judgment focus on the duty, breach, and causation elements. [R. 13, 17]. Steak 'n Shake contends that it is entitled to summary judgment on the grounds that: (1) it did not breach its duty of care because there was no unreasonably dangerous condition which it had to eliminate or warn against; (2) there was no duty owed to Cooper because the wet floor was an open and obvious danger; and (3) Cooper failed to exercise reasonable care to prevent her injury. [R. 13 at 87-88].

**1. Dangerous Condition Concerning the Wet Vestibule Flooring**

"While general negligence law requires the existence of a duty, premises liability law supplies the nature and scope of that duty when dealing with tort injuries on realty." *Lewis v. B&R Corp.*, 56 S.W.3d 432, 437-38 (Ky. Ct. App. 2001). Under premises liability, "the owner of a

premises to which the public is invited has a general duty to exercise ordinary care to keep the premises in a reasonably safe condition and warn invitees of dangers that are latent, unknown or not obvious." *Id.* at 438. A business is liable to its patrons for negligence if it "fails to use reasonable care under the circumstances to discover the foreseeable dangerous condition and to correct it or to warn customers of its existence." *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 437 (Ky. 2003). In other words, "a property owner, such as [Steak 'n Shake], must exercise reasonable care to protect invitees, such as [Cooper], from hazardous conditions that the property owner knew or should have discovered and that the invitee could not be expected to discover." *Denny v. Steak n Shake Operations, Inc.*, 559 Fed.Appx. 485, 487 (6th Cir. 2014) (citing *Lanier*, 99 S.W.3d at 432-33). Possessors are not required to ensure the safety of individuals invited onto their land, but they are required to maintain the premises in a reasonably safe condition. *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 897 (Ky. 2013).

In analyzing the issues of breach and causation in commercial slip and fall cases, Kentucky applies a burden shifting framework. *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003). Thus, plaintiffs must demonstrate both the existence of an unreasonably dangerous condition and that the condition was a substantial factor in causing her accident and injury. *Id.* Once the plaintiff satisfied both prerequisites, the burden shifts to the defendant to prove that it exercised reasonable care. *Id.*; *see also Bartley v. Educ. Training Sys., Inc.*, 134 S.W.3d 612, 616 (Ky. 2004).

The dangerous condition alleged is the wet flooring. Steak 'n Shake does not contest that Cooper was a business invitee, but it asserts that it did not breach it's duty of reasonable care because the wet floor in the vestibule was not a dangerous condition. [R. 13-1 at 91-95]. Steak 'n Shake states that the condition of the floor did not pose an unreasonable risk because Cooper, members of her party, and other patrons traversed safely over the floor without any issues prior to

Cooper's fall. [R. 13-1 at 94-95; R. 17 at 213-14]. Cooper contends conversely that the wet floor was a dangerous condition that required Steak 'n Shake to take reasonable measures to either correct or warn patrons. [R. 15 at 171-73].

Kentucky courts have found summary judgment inappropriate where a plaintiff can point to a discrete hazard on the floor. *See Webb*, 413 S.W.3d at 896 (Ky. 2013) (plaintiff slipped on wet tile that appeared to be dry). Cooper points to the security footage to show that as patrons entered the vestibule in Steak 'n Shake, wiped their feet on a mat that covered only a small portion of the vestibule, leaving smooth, wet, tile exposed. [R. 15 at 171, 173]. "The smooth surface and impervious quality of tile makes the accumulation of such substance described in this case a situation from which such an accident should well have been anticipated. It would be an extreme view to take that reasonable men could not have foreseen the possibility of a customer slipping on [water] on a smooth tile floor." *Lyle v. Megerle*, 109 S.W.2d 598, 600 (Ky. 1937). Considering the light most favorable to Cooper, Steak 'n Shake has not established as a matter of law the absence of a dangerous condition because Cooper has established the likely slip hazard. *Martin*, 113 S.W.3d at 98. The mere fact that patrons, including Cooper, traversed safely over a wet condition does not mean as a matter of law that it was not a dangerous condition. *See Lyle*, 109 S.W.2d at 600. Moreover, Cooper also established that the wet floor was the substantial factor in her fall based on the wet conditions of the flooring, the small mats in the vestibule, and no warning signs posted.

Nevertheless, Steak 'n Shake may still succeed on summary judgment if it can establish that it acted reasonably under the circumstances. For a risk to be "unreasonable," plaintiff must allege facts, and reasonable jurors must be able to conclude that the defendant should have anticipated that the dangerous condition would cause physical harm to the invitee. *Shelton v.*

*Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901, 914 (Ky. 2013). Steak 'n Shake contends that several patrons and Cooper all traversed safely over the alleged dangerous condition the day of the accident and it placed floor mats in the vestibule. [R. 13-1 at 93-94; R. 17 at 213-14]. Cooper asserts that Steak 'n Shake did not use a wet floor sign until after she suffered her injury. [R. 15 at 170]. Moreover, Cooper contends that Steak 'n Shake could have used floor mats that covered the entire vestibule to ensure patrons would not slip and fall, or placed employees in front of the door to assist customers in exiting. [R. 15 at 177-78]. As the Kentucky Supreme Court has made clear, the duty to maintain the premises in a reasonably safe condition involves the responsibility to "discover unreasonably dangerous conditions on the land and either correct them or warn of them." *McIntosh*, 319 S.W.3d at 388. Therefore, since there is conflicting evidence regarding the reasonableness of the actions taken by Steak 'n Shake, it cannot establish as a matter of law that it acted reasonably under the circumstances. Thus, summary judgment is inappropriate on this ground.

### 2. Open and Obvious Doctrine

Although Steak 'n Shake owed Cooper a duty, one exception to the general duty owed by land possessors to invitees is the open and obvious doctrine, which provides that possessors are not liable to invitees that are injured by open and obvious dangers. *McIntosh*, 319 S.W.3d at 388. Under *McIntosh*, the Kentucky Supreme court established a two-part test, wherein courts must determine: (1) whether the hazard at issue was open and obvious; and if so (2) whether the owner of the premises could have reasonably foreseen that an invitee would be injured by the dangerous condition. *Id.* By creating this two-part test, the Kentucky Supreme Court avoided the potential to resurrect contributory negligence in premises liability cases. *Id.* at 391.

At issue is whether Steak 'n Shake owed Cooper a duty or if the wet tile was open and obvious and the injury a foreseeable result. Steak 'n Shake contends that summary judgment is appropriate because the wet floor was an open-and-obvious danger, thereby negating any duty it owed Cooper. [R. 13-1 at 95-97; R. 17 at 216-17]. Cooper asserts conversely that the danger posed by the wet floor was not open and obvious because her attention was distracted and there were no signs visible to instruct her to proceed cautiously. [R. 15 at 173-74].

First, this Court must consider whether the presence of the wet tile was an open and obvious condition. Kentucky precedent recognizes that the issue of whether a hazard is "open and obvious" is a fact question for the jury if there is a genuine factual dispute. *Kromer v. Med. Found of Jefferson Med. Soc., Inc.*, 2005 WL 327267 at *3 (Ky. Ct. App. 2005); *see also Harter v. Roetting*, 2003 WL 22927750 at *1 (Ky. Ct. App. 2003) (stating that although there was an issue of fact, "there was no genuine issue in this case as to whether it was an open and obvious hazard"). Kentucky applies a disjunctive test to determine if a condition is open and obvious. *See Webb*, 413 S.W.3d at 895 (establishing that "[a]n open-and-obvious condition is found when the danger is known or obvious"). A condition is "known to the plaintiff if, subjectively, she is aware 'not only . . . of the existence of the condition or activity itself, but also appreciate[s] . . . the danger it involves.'" *Webb*, 413 S.W.3d at 895 (quoting Restatement (Second) of Torts § 343A). Alternatively, [t]he condition is obvious when, objectively, 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.'" *Webb*, 413 S.W.3d at 395-96 (quoting Restatement (Second) of Torts § 343A).

Based on the conflicting testimony and the attached exhibits, the presence of the wet tile was not open and obvious as a matter of law because of existing questions of fact. Steak 'n Shake

states that the alleged wet conditions on the floor in the vestibule was open and obvious because Cooper had both actual knowledge of the condition and appreciated that the floor could be slippery when wet. [R. 13-1 at 97; R. 17 at 212-13]. Steak 'n Shake supports this proposition by stating that Cooper knew it had been raining and assumed that the conditions had not changed that day. [R. 13-1 at 96-97; R. 17 at 214]. Moreover, Steak 'n Shake asserts that Cooper stated that she observed the floor as being "very slippery" but nevertheless attempted to traverse over it. [R. 13-1 at 110; R. 17 at 217]. In response, Cooper asserts that her vision was obstructed, and she was distracted not only by having to walk across the vestibule floor, but also the two sets of doors that automatically shut behind her. [R. 15 at 173]. Cooper also contends that while she was aware of the rain being tracked into the vestibule, she did not appreciate the danger with partially exposed wet floors until she fell. [R. 15 at 174].

In *Webb*, the Kentucky Supreme Court held that the danger presented by a slippery floor was not an open and obvious hazard because the plaintiff did not notice the dangerous condition of the wet tile, even though she noticed the puddle of water on the mats. *Webb*, 413 S.W.3d at 891. "[A] reasonable person in [Cooper's] position, exercising ordinary care, may not have noticed the condition . . . because of the inherent difficulty of detecting moisture on a tile floor. A reasonable person seeking to avoid the puddle might have stepped off of the mats because the surrounding tiles appeared to be dry." *Id.* Neither party disputes that Cooper was wearing rainboots on the day of her injury. Thus, there is a conflict about whether Cooper appreciated the danger by stepping off the mats with her rainboots. In other words, even if Cooper was aware of the condition of the floor, it is not clear that she subjectively appreciated the danger that the wet floor posed, nor was the condition objectively obvious to a reasonable person in Cooper's position because of Cooper's use of the rainboots. *Id.* Therefore, Cooper's assertion that the glass door obstructed her vision and

her distraction of carrying the coffee and going through two sets of doors creates material issues of fact that the jury must decide.

Second, even assuming the wet tile was open and obvious, summary judgment is inappropriate because this Court must also consider the foreseeability of an injury. *Webb*, 413 S.W.3d at 891. Kentucky courts "should not merely label a danger as obvious and then deny recovery. Rather, they must ask whether the land possessor could reasonably foresee that an invitee would be injured by the danger. If the land possessor can foresee the injury, but nevertheless fails to take reasonable precautions to prevent the injury, he can be held liable." *McIntosh*, 319 S.W.3d at 391-92. In other words, the question becomes whether the owner of the premises "should anticipate the harm despite its . . . obviousness." *Id.* Thus, "harm from an open and obvious danger can sometimes be foreseeable suggests that there should be some remaining duty on the land possessor." *Id.* Foreseeability of an injury is a limitation upon the scope of the duty, meaning it is a question of law. *Id.* at 388, 390.

Steak 'n Shake states that Cooper's injury was not foreseeable because she was not facing an emergency, was not in a rush, nothing was blocking her view, and there were floor mats in the vestibule. [R. 13-1 at 95; R. 17 at 217-18]. Steak 'n Shake also contends that Cooper's fall was not foreseeable because there were two floor mats in place to help avoid injury. [R. 17 at 218]. Cooper contends that a jury could believe that she was distracted because she had to open two sets of doors that automatically close behind her to exit the restaurant. [R. 15 at 173]. "For many open and obvious dangers, the land possessor would have no reason to anticipate the harm, and so he would not be liable. However, sometimes 'the possessor has reason to expect that the invitee's attention may be distracted, so that [the invitee] will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against.'" *McIntosh*, 319 S.W.3d at 391 (quoting Restatement

(Second) of Torts § 343A(1)). "[A]lthough it is true that when the danger is obvious the land possessor does not have superior knowledge, the land possessor still has the superior ability to issue repairs." *McIntosh*, 319 S.W.3d at 393. Cooper contends that it was reasonably foreseeable that a patron could fall on the wet tile in the vestibule despite knowing that it was raining, and water was likely accumulating on the floors from other patrons entering the restaurant. [R. 15 at 175]. Again, the Kentucky Supreme Court has established that the presence of wet tile creates a foreseeable risk of injury. *See Megerle*, 109 S.W.2d at 600. Moreover, Cooper asserts that her vision was obstructed, and she was distracted not only by having to walk across the vestibule floor, but also the two sets of doors that automatically shut behind her. [R. 15 at 173]. Therefore, given the conflicting evidence provided the parties, summary judgment is inappropriate under a theory of open and obvious danger.

### 3. Cooper's Duty to Exercise Reasonable Care

"While 'open and obvious danger' is no longer a complete defense under the Restatement, it is nonetheless a heightened type of danger which places a higher duty on the plaintiff to look out for his own safety. Such a condition, being open and obvious, should usually be noticed by a plaintiff who is paying reasonable attention." *McIntosh*, 319 S.W.3d at 392. "[A]n invitee's assumption that [the] premises [the invitee is permitted to use] is reasonably safe does not relieve [the invitee] of the duty to exercise ordinary care for his own safety nor license him to walk blindly into dangers which are obvious, known to him, or that would be anticipated by one of ordinary prudence." *Faller v. Endicott-Mayflower, LLC*, 359 S.W.3d 10, 13 (Ky. Ct. App. 2011).

Steak 'n Shake contends that Cooper had a heightened duty based on her familiarity with the premises. [R. 13-1 at 97-98]. Steak 'n Shake also states that the alleged hazardous condition of the wet floor was created due to Cooper's failure to exercise ordinary care under the circumstances

by failing to wear rainboots that properly fit. [R. 13-1 at 98]. Cooper claims that she exercised ordinary care for her own safety by wearing rubber rain boots and by looking down at the ground when she walked. [R. 15 at 178]. Thus, Cooper contends that she was exercising ordinary care under the circumstances. [*Id.*] As the Kentucky Supreme Court determined, in an era of contributory negligence, a plaintiff's contributions to her own negligence used to insulate defendants by not permitting a plaintiff to recovery. *McIntosh*, 319 S.W.3d at 389. However, Kentucky now follows the comparative fault approach, which allows any negligence on the part of the plaintiff to be reduced in the plaintiff's damage award. *Hilen v. Hays*, 673 S.W.2d 713, 720 (Ky. 1984). Thus, Cooper's claim remains viable because it is for the jury to decide whether her assumption that her rainboots would prevent her from slipping, as rainboots had previously done when she entered the restaurant, was unreasonable conduct that precludes recovery. *See Grubb v. Smith*, 523 S.W.3d 409, 419 (Ky. 2017). Therefore, summary judgment is inappropriate on this ground.

### B. Steak 'n Shake's Motion for Partial Summary Judgment Regarding Cooper's Damage Awards

Pursuant to Federal Rule of Civil Procedure 56(c), partial summary judgment is also appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Thus, the trial court bears the responsibility for examining the evidence in each case in order to withhold speculative, abstract, or purely theoretical claims for jury consideration. *Anderson*, 477 U.S. at 249.

Steak 'n Shake's arguments concerning partial summary judgment focuses on the damage element. [R. 20, 24]. In her complaint, Cooper seeks recovery damages for "lost wages and earning capacity." [R. 1-1 at 6]. Steak 'n Shake contends that partial summary judgment should be granted

because Cooper: (1) failed to present evidence to support a claim for lost wages and (2) Cooper failed to present evidence to support a claim for future impairment of her ability to earn. [R. 20-1 at 247-48].

### 1. Lost Wages

To assess damages, facts must be established which provide a basis for measuring or computing damages with "reasonable certainty." *Commonwealth Dep't of Highway v. Jent*, 525 S.W.2d 121 (Ky. 1975) (holding that "[t]he jury should not be allowed to engage in speculation or guesswork as to the probable damages"). Steak 'n Shake contends that Cooper did not provide any documentation or supplement her responses regarding an amount to support her claim for lost wages and could not provide any amount of lost wages. [R. 20-1 at 247]. Moreover, Steak 'n Shake asserts that Cooper is not entitled to lost wages because she stated in her deposition that she was able to make up any lost wages. [*Id.*] Cooper asserts that she testified in her deposition about her previous employment and provided an approximation to the amount of compensation that she received. [R. 21 at 268]. Cooper established that she has a two-year college degree from BCTC, listed several previous jobs in her interrogatories, cared for her grandson, receiving some compensation, and worked on commission as a debt collector at Century Account Services, receiving between $600-$2,000 per paycheck. [R. 21 at 267; R. 20-1 at 243]. Moreover, in her interrogatories, Cooper explained that she could not provide a total amount of lost wages because she was still receiving treatment. [R. 20-1 at 243].

Since Cooper raised the issue of lost wages as an element of damages, it is Cooper's burden to by prove more than a scintilla of evidence to defeat Steak 'n Shake's Motion for Partial Summary Judgment. *Street*, 886 F.2d at 1479. Cooper has only provided a scintilla of evidence relating to her lost wages by failing to provide or supplement her discovery responses. Although

Cooper is correct that she testified about her previous employment and her approximate amount of compensation, she also testified in her deposition that she was able to make up any lost wages. [R. 20-4 at 30-31]. She also testified in her deposition that she did not have enough lost wages to want to pursue, contending that at most she lost out on a "few hundred dollars." [R. 20-4 at 35-36]. Thus, Cooper failed to meet her burden of showing a genuine issue of material fact with respect to any lost wages. The Court is under no obligation to search the record to establish a genuine issue of material fact. *Davis v. Cotting Carriers*, 102 F. App'x. 938, 939 (6th Cir. 2004). Rather, the Court "may rely upon the facts presented and designated by" the defendant. *Id.* Therefore, partial summary judgment is appropriate as it relates to lost wages.

### 2. Damages for Permanent Impairment of Future Earnings

Under Kentucky law, a plaintiff seeking damages for permanent impairment of future earning power must "show with reasonable probability that the injury sustained is permanent." *Reece v. Nationwide Mut. Ins. Co.*, 217 S.W.3d 226, 229-30 (Ky. 2007). While a "permanent injury may not always result in permanent impairment of earning power," members of the jury "are capable of determining, from the evidence and their common knowledge and experience whether there has been a permanent impairment, the extent of such impairment, and the value of such impairment." *Id.* at 230-31. Although "specific expert witness testimony on permanent impairment of earning power is helpful and often persuasive, it is not necessary to submit the issue of permanent impairment of earning power to the jury." *Id.* at 230.

Steak 'n Shake contends that partial summary judgment is appropriate because Cooper failed to raise a genuine issue of material fact regarding the permanence of her injury. [R. 20-1]. Specifically, Steak 'n Shake states that Cooper "failed to disclose any vocational expert regarding her claim for damages or medical expert who will testify that her alleged injuries are permanent,"

and testified at her deposition that she may be able to perform job requirements later. [R. 20-1 at 247-48]. Moreover, Steak 'n Shake states that the medical records do not support Cooper's contention that her injuries are permanent because she has improved after surgery and physical therapy. [R. 20-1 at 248]. Cooper contends that there is substantial evidence of permanent injury and impairment from the medical records, four surgeries, Dr. Selby's deposition testimony and recommendation that she be granted disability status, and her approval for disability benefits of $829 a month due to her leg injury. [R. 21 at 269; R. 21-1 at 36-37].

To proceed with her claim for impairment of her ability to earn, Cooper must first present evidence that her injuries sustained in the accident were permanent. *Reece*, 217 S.W.3d at 229-30. Under Kentucky law, to establish a permanent injury, the injury must "be of the nature that a permanent impairment to earn money would naturally flow therefrom, or the permanent injury must produce permanent or irremedial pain." *Herndon v. Waldon*, 47 S.W.2d 1047 (Ky. 1932). Cooper's statements, without more, are insufficient to overcome Steak 'n Shake's motion for partial summary judgment. To begin, Cooper offers no admissible expert testimony regarding the permanence of her injury. Although *Reece* provides expert testimony is not necessary to prove the issue of permanent impairment, it did not state that the absence of expert testimony regarding the permanence of injury would also survive summary judgment. *Reece*, 217 S.W.3d at 230. In fact, the plaintiff in *Reece* relied on expert testimony to demonstrate a reasonable probability of permanent injury to get to the issue of permanent impairment. *Id.* at 231.

Nevertheless, Cooper may still prove "with reasonable probability that the injury sustained is permanent" through other means. *Id.* at 229-30. Cooper's assertion that the record also establishes permanent injury is likewise insufficient. Although the record clearly provides that Cooper underwent surgery and is currently on disability, nothing in the record establishes with a

reasonable probability that her injury is permanent. *See South Covington & C. St. Ry. v. Vanice*, 278 S.W. 116, 120 (Ky. 1925) (holding that it was not error to authorize recovery for permanent injury where the plaintiff was able to go back to work, but could not perform the basic functions of the job after nine months). Cooper, instead, testified that she was able to continue receiving compensation for caring for her grandson and helping with miscellaneous jobs at Century Account Services. [R. 20-4]. Thus, viewing the evidence in a light most favorable to Cooper, she did not provide sufficient evidence to establish that her injury is permanent. Therefore, partial summary judgment is appropriate as it relates to damages for permanent impairment of future earnings.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Steak 'n Shake's Motion for Summary Judgment [R. 13] is **DENIED**;

2. Steak 'n Shake's Motion for Partial Summary Judgment relating to lost wages [R. 20] is **GRANTED**;

3. Steak 'n Shake's Motion for Partial Summary Judgment relating to damages for permanent impairment of future earnings [R. 20] is **GRANTED**; and

4. Steak 'n Shake's Motion in Limine to exclude evidence of lost wages or impairment of ability to earn [R. 41] is **DENIED AS MOOT**.

This the 16th day of October, 2019.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge